IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEITH W. ANTHONY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| vs. | : | NO. 14-5554 |
| | : | |
| RICHARD SELTZER, RYAN ALLES, | : | |
| MEHMET BARZEV, MATTHEW BRETT and | : | |
| CITY OF ALLENTOWN, | : | |
| Defendants. | : | |

Henry S. Perkin, M.J.                                                                                                                                                February 8, 2019

**<u>MEMORANDUM</u>**

This matter is before the Court on Plaintiff's Request for Leave to File an Amended Complaint to Join Adam Banotai as a Named Defendant and Memorandum of Law in Support of that Request (Dkt. No. 91). Having reviewed and considered the contentions of the parties, the Court is prepared to rule on this matter.

**I.     BACKGROUND**

On September 26, 2014, Plaintiff, Keith W. Anthony, commenced this action by filing a Complaint against the City of Allentown and Police Officers Richard Seltzer and Ryan Alles. See Docket No. 1. The Complaint alleged causes of action for use of excessive force against him pursuant to 28 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights and a <u>Monell</u> claim for an incident on November 1, 2013. See Docket No. 1. On November 25, 2014, Defendants filed a motion to dismiss the Complaint for failure to state a claim which included a claim for qualified immunity. See Docket No. 7. On February 2, 2015, the case was reassigned from the docket of the Honorable Jeffrey L. Schmehl to the docket of the

Honorable Joseph F. Leeson.  See Docket No. 13.  On February 5, 2015, Defendants filed a motion to stay discovery because the issue of whether they were qualifiedly immune from this litigation remained pending.  See Docket No. 15.  On March 18, 2015, following a preliminary pretrial conference with counsel, Judge Leeson issued an order setting, among other deadlines, a deadline for completion of discovery ninety (90) days following his decision on the motion to dismiss.  See Docket No. 17.  The motion to stay discovery was denied as moot on March 24, 2015.  See Docket No. 18.  The motion to dismiss was denied without prejudice on September 22, 2015 and Plaintiff was directed to file an Amended Complaint because "Plaintiff's Complaint is short on facts that would enable the Court to adequately assess Defendants' claim to immunity and is internally inconsistent with respect to the facts that it does contain."  See Docket No. 32.

       Plaintiff filed his Amended Complaint on October 2, 2015, adding Emergency Medical Services Officers Mehmet Barzev and Matthew Brett as Defendants, alleging causes of action for use of excessive force against Plaintiff pursuant to 28 U.S.C. § 1983 for violations of his Fourth, Eighth and Fourteenth Amendment rights, and two Monell claims for an incident on November 1, 2013.  See Docket No. 33.  Following the grant of an extension of time to file a response to the Amended Complaint, on November 13, 2015, Defendant Alles filed a motion to dismiss on the basis of qualified immunity.  See Docket Nos. 38-40.  After the Court granted their separate motion for extension of time to respond to the Amended Complaint, Defendants Seltzer and the City of Allentown filed a separate motion to dismiss the Amended Complaint on November 17, 2015, contending that Plaintiff failed to state a claim, and asserting a claim for qualified immunity.  See Docket Nos. 36-37, 41.  Defendants Brett and Barzev submitted a stipulation of extension of time which was granted by Judge Leeson, and their motion to dismiss

was filed on November 30, 2015.[1]  See Docket Nos. 42, 43, 45.  On May 17, 2016, Plaintiff's new counsel, Robert E. Goldman, Esquire, entered his appearance.  See Docket No. 53.

On September 30, 2016, Judge Leeson issued a decision denying the motions to dismiss filed by Defendants Alles, Seltzer and the City of Allentown, and partially granting the motion to dismiss filed by Defendants Barzev, Brett and the City of Allentown by dismissing the Monell claim in Count IV of the Amended Complaint, and limiting Plaintiff's excessive force claims in the Complaint to allegations of violations of Plaintiff's Fourth Amendment rights.  The decision also denied the motion of Defendants Barzev and Brett on the basis of qualified immunity without prejudice.  See Docket Nos. 55, 56.

Defendants filed a motion to disqualify Attorney Goldman on October 5, 2016.  See Docket No. 57.  On October 12, 2016, Defendants Seltzer, Barzev, Brett, filed an appeal to the United States Court of Appeals for the Third Circuit from Judge Leeson's decision on the Motions to Dismiss the Amended Complaint.  See Docket No. 59.  On October 13, 2016, Plaintiff filed a motion for reconsideration of the decision on the Motion to Dismiss and Motion for Leave to File a Second Amended Complaint.  See Docket No. 60.  On December 5, 2016, Judge Leeson denied the motion to disqualify Mr. Goldman, and stayed the case pending the appeal in the Third Circuit.  On July 6, 2017, the Third Circuit Court of Appeals affirmed Judge Leeson's decision on the motions to dismiss.  See Dkt. No. 69.  On July 17, 2017, Judge Leeson issued a Rule 16 Scheduling Order.  See Dkt. No. 70.

On September 18, 2017, the parties consented to trial before the undersigned

---

[1] This motion to dismiss was filed by the same counsel who represented the City of Allentown and Seltzer and entered his appearance on behalf of Defendants Barzev and Brett on November 30, 2015.  See Docket No. 44.

3

pursuant to 28 U.S.C. § 636.  See Dkt. No. 83.

## II. DISCUSSION

### A. Rule 20 Federal Permissive Joinder Rule

Plaintiff argues that he meets the standards set forth under the federal rule for permissive joinder, Fed. R. Civ. P. 20(a)(2).  Rule 20(a)(2) provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Rule 20(a)(2) "is designed 'to promote judicial economy and reduce inconvenience, delay, and added expense.'" Cooper v. Fitzgerald, 266 F.R.D. 86, 91 (E.D. Pa. 2010) (quoting Al Daraji v. Monica, No. CIV. A. 07-1749, 2007 WL 2994608, at *10 (E.D. Pa. Oct. 12, 2007)). "'A court should generally apply a liberal approach to permissive joinder,' but 'because the purpose of this rule is to promote trial convenience and expedite the final determination of disputes, the district court has discretion to deny joinder pursuant to Rule 20 if it would result in prejudice, expense, or delay.'" Exeter Township v. Franckowiak, Civ. A. No. 5:17-cv-2709, 2018 WL 1898630 (E.D. Pa. Apr. 20, 2018)(Leeson, J.) (quoting Gay v. City of Philadelphia, No. CIV.A. 03-5358, 2005 WL 950608, at *2 (E.D. Pa. Apr. 20, 2005)(citing United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002)(upholding denial of inmate's joinder motion because "it would add nothing to judicial efficiency") and 7 Charles Alan Wright & Arthur Miller, Federal Practice and Procedure § 1652 (3d ed. 2005)("[T]he court has discretion to deny joinder if it determines that the addition of the

party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.")). In evaluating prejudice, courts consider, among other factors, "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).

Here, assuming Plaintiff's proposed claims satisfy the required elements of Rule 20(a)(2), any connection between the proposed claims against Banotai and the claims already pled against the other Defendants are more than minimal since Mr. Banotai was a firefighter/ paramedic at the time of the incident and Plaintiff alleges that he was a principal actor who violated his civil rights. Plaintiff claims that until he received discovery from Defendants on July 31, 2017, which included the recorded statement of eyewitness Marilyn Caban in which she identified a bald firefighter as his assailant he did not know the cause of his injuries:

> She stated that when they got him on the ground "the bald headed guy just started beating him up." I asked what she meant by that she said he was punching him in the face. The fireman was kneeling and put his forearm across the male's neck. The fireman then started punching him in the face and the male let go of his private parts. Then she said the male might have bit him and that is when the fireman grabbed the male's hair and started smashing his head on the ground.
>
> * * * *
>
> Lt. Reinik asked her if a firefighter was punching the male before the male grabbed the fireman's testicle and bit him and she said yes the "bald headed guy." The bald guy was the fireman by his head. She stated that the fireman was hitting him with a closed fist. The male was bleeding from his mouth and the side of his face. She stated that the fireman hit him approximately eight to nine times.

Mot., Ex. A. Plaintiff also contends that although the Defendants were actually and constructively aware of Marilyn Caban's audio taped statement and police investigation report on

5

November 5, 2013, Defendants did not reveal the report's existence until compelled to do so on July 31, 2017. The same attorneys who represented the named Police Defendants and the City of Allentown and Allentown EMS personnel, also represent firefighter Adam Banotai. Plaintiff notes that Mr. Banotai also gave an audio-taped statement on November 3, 2013, expressly denying any assault on Plaintiff: "Banotai stated that during the struggle he never hit the male intentionally. He does not know what caused the male to bleed from the nose or mouth other than just the struggle itself. He stated that at no time did he see anyone [hit] the male." Mot., Ex. B.

It appears that the proposed joinder fits within the Rule 20 criteria. Judicial economy is promoted because the trial in this case is scheduled for June and any additional discovery needed at this point would be minimal and likely involve a short continuation of Banotai's deposition and minimal written discovery.

**B.     Rule 15 and Standard of Review.**

Leave to amend is governed by Rule 15, "Amended and Supplemental Pleadings," which generally requires amendment on the court's leave or the opposing party's written consent. See Fed. R. Civ. P. 15(a)(2). The Rule, which lacks a time limit or outer boundary on when amendment is permissible, states that courts should "freely give leave [to amend] when justice so requires." Id. The United States Court of Appeals for the Third Circuit advises that "in determining whether leave to amend might be reasonably denied, courts are guided by the Foman factors, named for the Supreme Court's decision in Foman v. Davis, 371 U.S. 178 )(1962)." Mullin v. Balicki, 875 F.3d 140 (3d Cir. 2017). The Third Circuit advises:

> Denial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility.

The Foman factors are not exhaustive, allowing a court to ground its decision, within reason, on consideration of additional equities, such as judicial economy/burden on the court and the prejudice denying leave to amend would cause to the plaintiff. All factors are not created equal, however, as "prejudice to the non-moving party is the touchstone for the denial of an amendment."

Mullin, 875 at 149-50 (citing Foman, 371 U.S at 182, 83 S.Ct. 227; United States ex rel. Schumann v. AstraZeneca Pharm. L.P., 769 F.3d 837, 849 (3d Cir. 2014); USX Corp. v. Barnhart, 395 F.3d 161, 167–68 (3d Cir. 2004); Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) and quoting Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (internal quotation marks and citation omitted)). Based on the Foman factors, courts can "impose reasonable conditions on the right to amend in lieu of a pure grant or denial." Id. at 150. A court may specifically:

> 'use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it,' such as by 'narrow[ing] the scope of the amendment if it considers the request too broad.'

Id. at 150 (citing Wright & Miller, 6 Fed. Practice & Proc. Civ. § 1486 (3d ed. 2018); Garfield v. NDC Health Corp., 466 F.3d 1255, 1271 (11th Cir. 2006) ("[T]he granting of leave to amend can be conditioned in order to avoid prejudice to the opposing party." (internal quotation marks and citation omitted))).

1. Undue Delay.

This Foman factor recognizes that a gap between when amendment becomes possible and when it is sought can be grounds to deny leave to amend. Delay that is undue, i.e. protracted and unjustified, can place a burden on the court or counterparty or can indicate a lack of diligence sufficient to justify a discretionary denial of leave. Because there is no presumptive

period in which delay becomes undue, the question of undue delay requires the court to focus on the movant's reasons for not amending sooner while bearing in mind the liberal pleading philosophy of the federal rules.

Plaintiff contends that he first became aware that firefighter Adam Banotai had "inflicted multiple head injuries upon him while be was experiencing a seizure" on July 31, 2017 when he received discovery from Defendants including an eyewitness statement from Marilyn Caban that identified a bald firefighter as the person who hit Plaintiff on the head with a closed fist while he was experiencing a seizure. The instant motion was filed five months after Plaintiff's counsel's receipt of the discovery. Plaintiff's counsel avers that from August 18, 2017 through January 2018, he sought Mr. Banotai's deposition in an effort to determine whether he disputed his identification as the assailant and/or the acts attributed to him but defense counsel prevented the deposition. Defense counsel disputes the statement that he prevented the deposition from going forward. On January 2, 2018, Plaintiff filed the joinder motion, without the benefit of Mr. Banotai's deposition, based upon information received in discovery.

Using the July 31, 2017 date on which discovery was available to Plaintiff's counsel and counsel's reported actions subsequent to that receipt, it appears to this Court that counsel's not filing the joinder motion for five months is excusable in the context of this case.

2. <u>Prejudice</u>.

Prejudice to the non-moving party is the long-held reference point to evaluate motions for leave to amend. Although Defendants have unquestionably expended resources over the course of the litigation and would expend additional effort if amendment is allowed, their case for prejudice is weak. During the course of this litigation, Defendants have filed three

8

separate motions to dismiss and three Defendants filed an interlocutory appeal to the Third Circuit from a denial of motions to dismiss. Defendants have also filed a motion to disqualify Plaintiff's counsel from the case. The Defendants were aware of Marilyn Caban's audio taped statement and police investigation report on November 5, 2013, but Defendants did not reveal the report's existence until compelled to do so on July 31, 2017. As the Third Circuit held under the facts of Mullin, "[a] defendant that possesses an explosive document unknown to the plaintiff may use the legitimate litigation strategies at hand to delay disclosure of that document until absolutely necessary, but that delay cannot thereafter form that defendant's argument for prejudice if it leads to a belated request to amend." Mullin, 875 F.3d at 157. Because the Defendants do not persuasively articulate a theory of prejudice, this Foman factor does not weigh in favor of denial of the motion to amend.

        3.      Judicial Economy.

Judicial economy is an equitable consideration which can be considered in deciding a motion to amend. The motion to amend will not impose further burdens on judicial efficiency and case management. The trial is scheduled and counsel have endeavored to cooperate in meeting case deadlines in this case. Thus, this factor does not weigh in favor of denying the motion to amend.

        4.      Relation Back and Timeliness.

Claims such as those in this case which are brought under 42 U.S.C. § 1983 are subject to state statutes of limitations governing personal injury actions. See Owens v. Okure, 488 U.S. 235, 249-250, 109 S. Ct. 573, 581-582, 102 L. Ed. 2d 594 (1989); Garvin v. City of Philadelphia, 354 F.3d 215 (2003). The Pennsylvania statute of limitations for personal injury

actions applicable here is two years.  Lake v. Arnold, 232 F.3d 360, 368-369 (3d Cir. 2000), 42 Pa. C.S.A. § 5524(7).  Plaintiff's claims arise from events which occurred on November 1, 2013.  See Compl.  The last day for Plaintiff to file a complaint within the statute of limitations was November 1, 2015.  Thus, absent a basis for tolling or application of the discovery rule, the statute of limitation expired more than two years prior to Plaintiff's filing the motion to amend.

The facts presented with respect to this motion show that Ms. Caban's statement which was produced on July 31, 2017 confirmed that a bald-headed firefighter was involved in the subject incident.  This statement refuted Plaintiff's prior suspicion that only a police officer was involved in the subject incident.  Plaintiff will be permitted to Amend the Complaint to include Adam Banatoi as a Defendant.  This decision, however, does not preclude Mr. Banatoi from raising the statute of limitations as an affirmative defense.

### III. CONCLUSION

On the present state of the record and for the reasons set forth above, Plaintiff's Request for Leave to file an Amended Complaint to Join Adam Banatoi as a Defendant is granted without prejudice to Mr. Banatoi's right to raise any defenses warranted by the facts by a summary judgment motion after completion of relevant discovery and/or at trial.  Plaintiff will be granted an extremely short time for filing an Amended Complaint and Mr. Banatoi will be granted a short time to file an Answer to the Amended Complaint.